An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

AFFINITYLIFESTYLES.COM, INC., A
NEVADA CORPORATION,
Appellant,
vs.
HARMON WILSON, AN INDIVIDUAL,
Respondent.

No. 62605

FILED

JUN 24 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from an order denying a motion to compel arbitration. Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.

At issue is the enforceability of an arbitration clause in a distribution agreement between appellant Affinitylifestyles.com, Inc. (Affinity), who seeks to enforce the clause, and respondent Harmon Wilson, who argues the clause is unenforceable. Specifically, Wilson asserts waiver and the unconscionability of the distribution agreement as a whole as defenses to enforceability.

But Affinity's first action in the district court was to move to compel arbitration, albeit in conjunction with moving to dismiss, which is not sufficiently inconsistent with Affinity's right to arbitrate to show that it waived that right. *See Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726-27 (7th Cir. 2004) (noting that "it is well-established that a party does not waive its right to arbitrate merely by filing a motion to dismiss" and collecting cases). And, as an arbitration agreement is severable from the remainder of a contract, unless the unconscionability challenge is to the arbitration clause itself, issues that go toward the contract's validity

14-20755

as a whole must be sent to the arbitrator. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70-71 (2010); *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006). Wilson argues that the brevity of the arbitration clause makes it unenforceable, but the details, once an agreement to arbitrate is shown, are supplied by the relevant state and federal statutes. *See* NRS 38.222-38.247; 9 U.S.C. §§ 5-13, 16 (2012). Thus, Wilson did not establish a defense to enforcement of the valid arbitration clause. *Gonski v. Second Judicial Dist. Court*, 126 Nev. ___, ___, 245 P.3d 1164, 1169 (2010). The clause must be enforced and the claims against Affinity sent to arbitration. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

---

[1]We do not address Affinity's argument that the district court erred in denying its motion for a more definite statement of Wilson's claims. Although, as happened here, a party may appeal the order denying reconsideration of the order denying the motion to compel arbitration, this does not render immediately appealable everything moved for in the reconsideration motion, such as Affinity's motion for a more definite statement. NRS 38.247(1)(a); NRCP 54(a), 59(e); NRAP 4(a)(4)(C). In any event, as the claims against Affinity must be sent to arbitration, this issue is moot.

cc:    Hon. Adriana Escobar, District Judge
Carolyn Worrell, Settlement Judge
Law Firm Express
Lovato Law
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A